The Honorable Roy C. "Bill" Lewellen State Senator Post Office Box 403 Marianna, Arkansas 72360
Dear Senator Lewellen:
This is in response to your request, on behalf of the City of Palestine, for an opinion on the following questions:
 1. Is there a law which governs the amount of time a train may block streets or intersections?
2. If so, how is a city permitted to enforce the law?
It is my opinion that the answer to your first question is "yes." In response to your second question, municipal officials must initially send a complaint in writing, by certified mail, to the registered agent of the railroad company in question. In the event the issue is not subsequently resolved to the satisfaction of the municipal official, the official shall notify the State Highway Commission in writing.
Arkansas Code Annotated §§ 23-12-1006, 23-12-1007, and 23-12-1008 (Supp. 1995) address the obstruction of any public highway, road, street, or other railroad crossing by a standing train. The State Highway Commission has been designated as the sole public body to deal with, and has been granted exclusive jurisdiction over, "all matters pertaining to the operation and movement of trains within this state including, but not limited to, the obstruction of any public highway, road, street, or other railroad crossing or public property by a standing train." See A.C.A. §23-12-1006. Arkansas Code Annotated § 23-12-1007(a)(1) grants the Highway Commission the authority to promulgate all necessary orders or regulations concerning permissible standing time for trains.[1] With regard to the enforcement of these provisions, § 23-12-1008 sets forth the procedures that must be followed. Section 23-12-1008(a) provides in part:
 (1)(A) Prior to any request by a state, municipal, or county official for sanctions against a railroad company for violation of this section and §§ 23-12-1006—23-12-1007, the state, municipal, or county official shall state the claim or complaint in writing, by certified mail, to the registered agent of the railroad company in question.
 (B)(i) Within forty-five (45) days after the receipt of the written claim or complaint by the railroad company, the railroad company shall respond to the claim or complaint stating with specificity the reasons for obstructing a crossing for an unlawful period of time.
 (ii) This response shall be in writing to the complaining official by certified mail.
 (2)(A) In the event the issue is not then resolved to the satisfaction of the complaining official, the official shall notify the State Highway Commission in writing and shall enclose a copy of the complaint and response.
 (B)(i) The commission shall, within sixty (60) days after receipt of the notice, hold a hearing on the complaint.
 (ii) Notice of such hearing shall be given the railroad and the complainant at least twenty (20) days before the hearing.
 (C) The commission or its designated representative, after an appropriate notice and hearing on the complaint, shall determine whether the obstruction was for an unlawful period of time under the circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Section 23-12-1007(b) provides that until the Highway Commission provides otherwise, it is unlawful to permit a standing train to obstruct any public highway, road, street, or other railroad crossing for more than ten minutes. I suggest that the City of Palestine contact the Highway Commission with regard to any applicable regulations for the specific streets or intersections in question.